IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**Northern Division**

| | |
|---|---|
| **NEIL H. HEUER**<br>**307 MARQUIS COURT**<br>**MIDDLETOWN, DE 19709**<br>On behalf of himself and all others<br>Similarly situated<br><br>     Plaintiffs,<br><br>Vs.<br><br>**WEGMANS FOOD MARKET, INC.**<br>A New York Corporation<br>BOX 30844<br>1500 BROOKS AVENUE<br>ROCHESTER, NY 14603<br><br>**Serve on:** CSC Lawyers Incorporating<br>     Service Company<br>     7 St. Paul Street, Suite 1660<br>     Baltimore, MD 21202<br><br>     **Defendant.** | Civil Action No. _____<br><br>**CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT

Plaintiff, NEIL H. HEUER (hereinafter the "Named Plaintiff"), on his own behalf and on behalf of the Class defined herein, by and through Counsel, hereby sues Defendant WEGMANS FOOD MARKETS, INC. ("WEGMANS" or "Defendant") and states as follows:

### I. INTRODUCTION

1. This is a consumer class action based upon Defendant's violation of section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq., as amended* (the "FCRA"). This section of the FCRA, like many others, was designed to combat the rising tide of identity theft experienced throughout the nation in recent years.

2. Identity theft occurs when a consumer's personal information is misused to commit fraud.

3. The FCRA requires that companies which accept credit and debit cards restrict the information that they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer.

4. Despite the simple steps necessary to comply, and despite abundant notice, Defendant has simply chosen to ignore complying with the FCRA. As such, consumers who purchase goods and services from Defendant receive none of the benefits that section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identify theft.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

6. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because Defendant systematically and continually transacts business in Baltimore County, Maryland and the cause of action set forth in this Complaint, in part, arose in Baltimore County.

## III.   PARTIES

### A.   The Named Plaintiff

7. Plaintiff Neil Heuer is an adult individual who resides at 307 Marquis Court, Middletown, DE 19709.

### B.   The Defendant

8. Defendant Wegmans is a New York Corporation which owns and operates grocery stores throughout Maryland, Virginia, Delaware, New Jersey, Pennsylvania and New York and which regularly conducts business in Baltimore County, Maryland at its Hunt Valley

location, 122 Shawan Road, Hunt Valley, MD 21030. The Hunt Valley Wegmans location opened its doors for business in October 2005. Defendant Wegmans has a principal place of business located at Box 30844, 1500 Brooks Avenue, Rochester, NY 14603.

## IV. FACTUAL ALLEGATIONS

### A. Defendant's Practice

9. In 2004, the Department of Justice – Bureau of Justice Statistics determined that at least one member of 3.6 million households had been the victim of some form of identity theft in the prior six months. *See* Katrina Baum, Ph.D., *First Estimates from the National Crime Victimization Survey: Identity Theft, 2004* (April 2006) (attached hereto as **Exhibit A**). The Federal Trade Commission now estimates that over nine million Americans have their identities stolen each year.

10. The President's Identity Theft Task Force, which was created by Executive Order #13402 (May 10, 2006), estimates that identity theft causes businesses and individuals billions of dollars a year in monetary losses. *See* President's Identity Theft Task Force, *Combating Identity Theft—A Strategic Plan* at 11 (April 2007) (attached hereto as **Exhibit B**). Another survey conducted on behalf of the Federal Trade Commission concluded that the cost to individuals and businesses from identity theft is well over fifty billion dollars a year. *See* Synovate, *Federal Trade Commission – Identity Theft Survey Report* (September 2003) (attached hereto as **Exhibit C**).

11. One practice commonly used by identity thieves is "dumpster diving." "Dumpster diving" is the practice of retrieving documents from unprotected trash receptacles. Section 1681c(g) of the FCRA restricts an identity thief's ability to acquire a consumer's

personal information from "dumpster diving" by truncating the consumer's credit card number and expiration date from the electronically printed receipt. **See Exhibit B** at 14-5.

12. Because of the rise of identity theft, and the detrimental impact that it has on its victims, in 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted by Congress, and signed into law by President George W. Bush. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

13. One FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account from a receipt which the consumer discarded or lost. Codified at 15 U.S.C. § 1681c(g), this provision provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

(This section shall hereafter be referred to as the "Receipt Provision.")

14. FACTA gave companies that had existing cash registers or other machines that printed electronic receipts in place prior to December 4, 2003, a generous three-year cushion within which to comply with the Receipt Provision.

15. FACTA also required that all cash registers or other machines that printed electronic receipts that were first put to use on or after January 1, 2005, comply with the Receipt Provision, a generous one year cushion.

16. Notwithstanding the fact that Defendant had over three years, but in some instances one year, to comply, Defendant continued to issue receipts at the point of sale

transactions which contain more than the last 5 digits from the credit card account number or the expiration date, or both, in direct violation of the Receipt Provision.

17. Notwithstanding the Receipt Provision, Defendant continues to deliberately, willfully, intentionally, recklessly, and negligently violate FACTA by issuing receipts which do not comply with the FCRA.

18. Defendant's practice not only violates the law, it exacts harm by exposing consumers' sensitive account information and subjecting each affected consumer to an ongoing and elevated risk of becoming the victim of identity theft.

### B. The Experience of the Named Plaintiff Neil Heuer

19. On or about May 12, 2007, Plaintiff made a purchase of grocery items intended for personal use at Defendant's Hunt Valley Wegmans locations at 122 Shawan Road, Hunt Valley, MD 21030. To pay for his groceries, Plaintiff used his MasterCard. Following the transaction, Plaintiff received a receipt, which included both the last four numbers of Plaintiff's MasterCard as well as its expiration date.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V. CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action individually and as a Class Action for Defendant's violation of section 1681c(g) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons in the United States to whom, on or after the effective date of FACTA and continuing through the resolution of this case, Defendant at any of its grocery stores, provided an electronically printed receipt at the point of sale or transaction on which Defendant printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit or debit card.

23. The Class as defined above is identifiable. The Named Plaintiff is a member of the Class.

24. The Class consists, to Named Plaintiff's information and belief, of thousands of individuals, and is thus so numerous that joinder of all members is clearly impracticable.

25. There are questions of law and fact that are not only common to the Class, but which predominate over any questions affecting only individual Class members. The predominating questions include, but are not limited to:

(a) whether the Defendant willfully violated section 1681c(g) of the FCRA by failing to provide consumers, who used their credit and debit cards in point of sale transaction(s) with Defendant, with electronically printed receipts that complied with the Receipt Provision.

(b) whether the Defendant willfully violated section 1681c(g) of the FCRA by putting cash registers and or other Devices into place on or after January 1, 2005, that electronically printed receipts at the point of sale that failed to comply with the Receipt Provision.

(c) whether the Defendant and its agents should be enjoined from further engaging in such improper conduct.

(d) the proper measure of statutory damages.

26. Plaintiff's claims are typical of the claims of the Class, which are all based on and arise out of identical facts constituting the wrongful conduct of Defendant.

27. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

28. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

29. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of establishing inconsistent or varying standards of conduct for Defendant.

30. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of establishing inconsistent adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

31. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

32. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class. For instance, whether Defendant failed to comply with the Receipt Provision as detailed by 15 U.S.C. § 1681c(g), can be easily determined by a review of Defendant's policies and a ministerial inspection of Defendant's business records.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

34. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

35. To Plaintiff's knowledge, no other FCRA litigation against Wegmans is currently pending by other members of the Class.

## VI.   COUNT ONE – FCRA

36. Plaintiff incorporates the foregoing paragraphs 1 through 35 as though the same were set forth at length herein.

37. Title 15 U.S.C. §1681c(g) states as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

This section applies to any "device that electronically prints receipts" (hereafter "Devices") for point of sale transactions. 15 U.S.C. §1681c(g)(3).

38. Wegmans employs the use of said Devices for point of sale transactions at each of its grocery store locations.

39. On or after December 4, 2006, at Defendant Wegmans locations, Plaintiff and members of the Class were provided receipt(s) by Defendant that failed to comply with the Receipt Provision.

40. In addition, on or after January 1, 2005, members of the Class were provided receipt(s) from Devices used by Defendant Wegmans that were put into place on or after January 1, 2005 that failed to comply with the Receipt Provision.

41. Defendant was aware, on or before January 1, 2005, that the Receipt Provision had gone into effect and that it was required to make changes to its receipt delivery protocol as set forth in FACTA.

42. In anticipation of the January 1, 2005 and December 4, 2006 deadlines, many credit card companies, including but not limited to VISA and MasterCard, advised companies of the need for compliance with the Receipt Provision. Additionally, many credit card companies, such as VISA and MasterCard, implemented policies well in advance of the January 1, 2005 and December 4, 2006 deadlines, to ensure the compliance with the Receipt Provision, by themselves, as well as that of their customers.

43. Also in anticipation of the January 1, 2005 and December 4, 2006 deadlines in the Receipt Provision, the majority of Defendant's peers and competitors took the necessary steps to bring their business practices in line with FACTA.

44. Notwithstanding FACTA's grace period, to prepare for FACTA and its accompanying provisions, including but not limited to the Receipt Provision; knowledge of the Receipt Provision and FACTA as a whole; the repeated reminders of FACTA and its accompanying provisions; and the actions of Defendant's peers and competitors, Defendant knowingly, willfully, intentionally, and recklessly violated and continues to violate the FCRA

and the Receipt Provision. In turn, Plaintiff and members of the Class continue to be exposed to an elevated risk of identity theft.

45. As a result of Defendant's willful violations of the FCRA, Defendant is liable to Plaintiff and members of the Class pursuant to 15 U.S.C. § 1681n.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the Class for the following relief:

(a) An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) Statutory damages for willful violation of the FCRA in an amount between $100.00 and $1,000.00 per Class member pursuant to 15 U.S.C. § 1681n;

(c) Punitive damages for willful violation of the FCRA in an amount determined by the Court pursuant to 15 U.S.C. § 1681n;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n;

(d) An order enjoining Defendant from continuing to violate the Receipt Provision;

(e) An order directing Defendant to hereafter electronically print receipts from point of sales transactions in compliance with 15 U.S.C. § 1681c(g) and

(f) Such other and further relief as may be necessary, just and proper.

## VIII. JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully,

Dated: May 25, 2007

*/s/ Martin E. Wolf*

Richard S. Gordon  Federal Bar No. 06882
Martin E. Wolf  Federal Bar No. 09425
Cory L. Zajdel  Federal Bar No. 28191
QUINN, GORDON & WOLF, CHTD.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300

David A. Searles
DONOVAN SEARLES, LLC
145 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

James A. Francis
FRANCIS & MAILMAN, P.C.
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiffs**